IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE A. GALLEGOS,

    Plaintiff,

v.                                                                     No. 24-cv-617 WJ/SCY

ALISHA TAFOYA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's failure to pay the initial partial filing fee in connection with his Amended Civil Rights Complaint (Doc. 2). Plaintiff is incarcerated and proceeding *pro se*. By an Order entered February 18, 2025, the Court granted leave to proceed *in forma pauperis* and assessed an initial partial payment of $45.72, which was 20% of his average monthly balance of $228.59. (Doc. 6). Plaintiff failed to comply and sought reconsideration of the payment obligation, citing a one-time deposit of $500.00 in from his mother that temporarily inflated his account balance. (Doc. 8). By a second Order entered April 8, 2025, the Court reduced the initial filing fee, finding that Plaintiff demonstrated his average balance was temporarily inflated by the $500.00 deposit. (Doc. 9). The Court assessed a reduced initial partial payment of $3.95, which was 20% of his updated average monthly deposits of $19.77. (Doc. 9) at 2. Such payment is required by statute. *See* 28 U.S.C. § 1915(b) (requiring inmates to make an initial partial payment equal to 20% of their average monthly deposits or average monthly balance, whichever is greater). The Order warned that if Plaintiff fails to timely make the payment, the case may be dismissed without further notice.

The initial payment deadline was May 8, 2025. Plaintiff failed to comply and instead filed a Second Motion to Proceed *In Forma Pauperis*, in which he states: "I can not afford to send any amount of $. I do not receive money or help from anyone. The [$]20.00 I get from the D.O.C. I have to buy my own highgine [sic] every month." (Doc. 10) at 10.

The Tenth Circuit Court of Appeals has addressed this exact issue in *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). *Cosby* explains that the *in forma pauperis* statute is designed "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." 351 F.3d at 1327 (quotations omitted). In enacting the statute, Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* (quotations omitted). "When a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments." *Id.* For these purposes, "income … include[s] all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise." *Id.* at 1326. The Tenth Circuit concluded that when "a court order requires partial payments," Rule 41 "allow[s] a district court to dismiss the action for failure to comply with the order." *Id.* at 1327.

In accordance with *Cosby,* the Court finds that Plaintiff has not shown cause for his failure to make an initial partial payment. The Complaint will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). The Court notes that the only practical consequence of dismissal is that Plaintiff will have to fill out a new complaint and *in forma pauperis* application if he chooses

2

to pursue his claims. The claims arose in June 2024, and they will not be time-barred if filed anew. *See* (Doc. 2 at 5). Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). Moreover, because this is not a dismissal on the merits, this Order will not count as a strike for purposes of the three-strike rule in 28 U.S.C. § 1915(g). If Plaintiff still wishes to pursue his claims, he must file another complaint and address the filing fee in the new case. The Court will also deny Plaintiff's Second Motion to Proceed *In Forma Pauperis* (Doc. 10), which is now moot

**IT IS ORDERED** that Plaintiff's Amended Civil Rights Complaint (**Doc. 2**) is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b); Plaintiff's Second Motion to Proceed *In Forma Pauperis* (**Doc. 10**) is **DENIED as moot**; and the Court will enter a separate Judgment disposing of this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Plaintiff a blank § 1983 complaint and a blank *in forma pauperis* motion, should he wish to refile the case.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3